Johnson, C. J. The offence charged is alleged to have been committed on the tenth day of August, A. D. 1844, and the prosecution is based upon an act of the legislature approved 1st February 1843, which enacts “ that any person or persons who shall set up and keep a billiard table or nine or ten-pin alley, at which any game shall be played, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined fifty dollars,” &c. This is the third section of the act of 1843 upon which the indictment is founded, and which was expressly repealed by the act of January 8th, 1845. The act creating the offence was in force at the time of the finding of the indictment, but it was repealed, and consequently ceased to exist before the conviction of the parties. Upon this state of facts the question presented is whether the circuit court was authorized to proceed to conviction and final judgment. In Miller's case 10 B. Rep. 450, the court say that “ under the insolvent debtor’s act 1 Geo. 3, one Miller was compelled by his creditors at the Sessions at Guildhall to give up his effects and he accordingly signed and swore to his schedule &c. But some circumstances arising the court adjourned his discharge till the next session. In the mean time the statute 2 Geo. 3 passed, which repealed the compelling clause. Motion for a mandamus to the Justices now to proceed to grant Miller his discharge, the jurisdiction having attached before the clause was repealed. Nothing is more clear than that the jurisdiction is now gone and that we cannot grant any such mandamus. Even offences committed against the clause (while in force) could not have been now punished without a special clause to allow it, and therefore a clause is inserted in the repealing statute for that purpose.” The same doctrine is recognized by chancellor Kent in the first volume of his commentaries at page 465 and also by numerous authorities there cited. The repealing statute here contains no clause providing for the punishment of offences committed before the repeal, and as a necessary consequence the offence itself was also repealed. This being our view of the law, we are clearly of opinion that the plaintiffs in error were convicted of an offence unknown to the law at the time of conviction, and that consequently the circuit court erred in refusing to arrest the judgment. Judgment reversed.